**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAMES VALENCIA GIRALDO, ASLY LENIS GARCIA, JANNA VALENCIA LENIS,<br>*Petitioners*<br><br>v.<br><br>MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES; TODD LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; SYLVESTER ORTEGA, IN HIS CAPACITY AS IMMIGRATION CUSTOMS ENFORCEMENT SAN ANTONIO FIELD OFFICE DIRECTOR; AND JOSE RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS THE WARDEN OF THE DILLEY IMMIGRATION PROCESSING CENTER;<br>*Respondents* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.  SA-26-CA-02185-XR |

## ORDER FOR SERVICE

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1).

It is **ORDERED** that notice of electronic filing of the Petition (ECF No. 1) and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal

Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5.[2]

It is **FURTHER ORDERED** that the Clerk of Court shall serve Respondent Warden with copies of the Petition for Writ of Habeas Corpus (ECF No. 1) and this Order. Delivery by certified mail, return receipt requested, will constitute sufficient service of process. Service should be directed to

> Warden, South Texas Family Residential Detention Center
> 300 El Rancho Way
> Dilley, TX 78017

It is **FURTHER ORDERED** that Respondents shall file a response to the Petition **within seven (7) days** of the date of service. The response must identify:

(1) Petitioner's alleged country of birth;[3]

(2) Petitioner's alleged date of entry and statutory basis for removability;

(3) Petitioner's previous immigration detention history, if any;[4] and

(4) Petitioner's alleged immigration status.[5]

Additionally, because this case appears to turn on whether Petitioner's detention without a bond hearing violates the due process rights afforded to noncitizens who have established a substantial presence in the United States, **Respondents must consider the Court's prior orders addressing this question**[6] **and note any material factual differences** between those cases and this one. If Respondents so choose, in lieu of a full response, they may instead file a response indicating that there are no material factual differences here and preserving all legal arguments made by the Federal Respondents in those cases.

---

[1] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[2] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

[3] This information is required to ensure that Petitioner can be located in the Online Detainee Locator System.

[4] *E.g.*, whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior.

[5] *E.g.*, whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order.

[6] *E.g.*, *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, (W.D. Tex. Feb. 25, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, (W.D. Tex. Feb. 26, 2026).

It is **FURTHER ORDERED** that, if Petitioner elects to file a reply, Petitioner may do so no later than seven days after the Respondents file their answers/responses.

It is so **ORDERED**.

**SIGNED** this April 2, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE